UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re:

STEPHANIE BUTLER,

    Debtor.

Chapter 13

Case No. 19-13308 (MDC)

## ORDER

**AND NOW,** this   7th   day of  July , 2023, upon consideration of the Motion to Sell Real Property filed by debtor, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtor is authorized to sell her real property located at 5528 CATHARINE STREET ("Property"), for the sale price of $89,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of April 6, 2023 and as subsequently extended, to the buyer thereunder, CARTER REALTY GROUP ("Buyer"), who has been represented to be purchasing the Property at arms-length.

The Internal Revenue Service (the "IRS") and the City of Philadelphia (the "City") hold certain tax and water liens against the Property and will be paid according to the distribution set forth below.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed substantially in the following manner:

| | |
|---|---|
| Property sale price = | $89,000.00 |
| Sale expenses   = | ($8,000.00) |
| NET: | $81,000.00 |
| | |
| City of Phila. | ($11,000.00) (ROUNDED UP FROM $10,917.21) |
| IRS | ($47,000.00) |
| | |
| NET to Trustee: | $23,000.00 |

The approximate $11,000 distribution to the City of Philadelphia in the above paragraph covers the City's real estate tax and water liens related only to the Property. The Property will otherwise sell free and clear of the judgments asserted in the City's claims, but the judgments will continue to attach to any additional properties owned by the Debtor in the City of Philadelphia.

Creditors, paid at settlement and whose secured claims are being paid in the plan, shall either (1) file an amended proof of claim or (2) withdraw the proof of claim, upon receiving sale proceeds in satisfaction of their secured claims and interests.

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West, Chapter 13 trustee, the balance of the sales proceeds, if any, which are anticipated to be **approximately $23,000,** to be held by the standing trustee as a special receipt, to be available under debtor's plan for distribution to all creditors in order of priority. Debtor shall immediately amend his plan, consistent with this Order and the sale of the Property.

The title clerk shall email a completed HUD-1 or settlement sheet from the closing directly to settlementsheet@ph13trustee.com immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email a copy of the disbursement check to

the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

If this Order is entered prior to confirmation of debtor's chapter 13 plan, debtor shall not be permitted to voluntarily dismiss this case; debtor may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of the Order is hereby waived.

BY THE COURT

DATE: _____

**HON. MAGDELINE D. COLEMAN**
**CHIEF, BANKRUPTCY JUDGE**