L.B.F. 3015-1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:  STEPHANIE BUTLER                    :    Case No.: 19-13308

Debtor(s)                                   :    Chapter 13

**Chapter 13 Plan**

---

[ ] Original

[XXX X] ___ **MODIFIED POST CONFIRMATION**

Date: <u>12/05/2023</u>

**THE DEBTOR HAS FILED FOR RELIEF UNDER**
**CHAPTER 13 OF THE BANKRUPTCY CODE**

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. **ANYONE WHO WISHES TO OPPOSE ANY PROVISION OF THIS PLAN MUST FILE A WRITTEN OBJECTION** in accordance with Bankruptcy Rule 3015 and Local Rule 3015-5. **This Plan may be confirmed and become binding, unless a written objection is filed.**

**IN ORDER TO RECEIVE A DISTRIBUTION UNDER THE PLAN, YOU**
**MUST FILE A PROOF OF CLAIM BY THE DEADLINE STATED IN THE**
**NOTICE OF MEETING OF CREDITORS.**

### Part 1: Bankruptcy Rule 5.1(c) Disclosures

[XX] Plan contains non-standard or additional provisions – see Part 9

☐ Plan limits the amount of secured claim(s) based on value of collateral - see Part 4

☐ Plan avoids a security interest or lien - see Part 4 and/or Part 9

### Part 2: Plan Payment, Length and Distribition - *PART 2(c) & 2(e) MUST BE COMPLETED IN EVERY CASE*

**§ 2(a) Plan payments (For Initial and Amended Plans):**

Total Length of Plan: <u>60</u> months.

**Total Base Amount** to be paid to the Chapter 13 Trustee ("Trustee")<u>$109,991.00</u>.
Debtor shall pay the Trustee $_____ per month for <u>60</u> months and then
Debtor shall pay the Trustee $___ per month for ____ months and then
Debtor shall pay the Trustee $___ per month for the remaining ____ months;

**or**

Debtor shall have already paid the Trustee $86,170.00 through month number 54 and then shall pay the Trustee $4,000.00 per month for the remaining 6 months.

☐ Other changes in the scheduled plan payment are set forth in § 2(d)

**§ 2(b)** Debtor shall make plan payments to the Trustee from the following sources in addition to future wages (Describe source, amount and date when funds are available, if known):  CHILDCARE  BUSINESS INCOME

**§ 2(c)** Alternative treatment of secured claims:

[ ] **None.** If "None" is checked the rest of §2(c) need not be completed.

☐ Sale of real property
*See § 7(c) below for detailed description*

[XX] **Loan modification with respect to mortgage encumbering property:**
*See § 4(f) below for detailed description*

**§ 2(d)** Other information that may be important relating to the payment and length of Plan:

**§ 2(e)** Estimated Distribution:

|  |  |
|---|---|
| A. Total Priority Claims (Part 3) |  |
| 1. Unpaid attorney's fees: | $0.00 |
| 2. Upaid attorney's costs | $____ |
| 3. Other priority claims (e.g. priority taxes) | $77,254.00 |
| B. Total distribution on cure defaults (§4(b)) | $527.00 |
| C. Total distribution on secured claims (§§4(c) & (d)) | $19,207.00 |
| D. Total distribution on general unsecured claims (Part 5) | $2,891.00 |
| Subtotal | 99,879.00 |
| E. Estimated Trustee's Commission | $9,988.00 |
| F. Base Amount | $109,867.00 |

§ 2(f) Allowance of Compensation Pursuant to L.B.R. 2016-3(a)(2)

☐ By checking this box, Debtor's counsel certifies that the information contained in Counsel's Disclosure of Compensation [Form B2030] is accurate, qualifies counsel to receive compensation pursuant to L.B.R. 2016-3(a)(2), and requests this Court approve counsel's compensation in the total amount of $4,000.00, with the Trustee distributing to counsel the amount stated in §2(e)A.1. of the Plan. Confirmation of the plan shall constitute allowance of the requested compensation.

## Part 3: Priority Claims (including Adminstration Expenses & Debtor's Counsel Fees)

§ 3(a) Except as provided in § 3(b) below, all allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Claim Number | Type of Priority | Amount to be Paid by Trustee |
|---|---|---|---|
| Maggie Soboleski, 88268 |  | Attorney Fee | $0.00 |
| COMMONWEALTH OF PENNSYLVANIA | #8 | Tax Obligation | $13,224.00 |
| INTERNAL REVENUE SERVICE | #3 | Tax Obligation | $64,096.27 |

§ 3(b) Domestic Support obligations assigned or owed to a governmental unit and paid less than full amount.

☑ **None.** If "None" is checked, the rest of § 3(b) need not be completed.

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 2(a) be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).

## Part 4: Secured Claims

§ 4(a) Secured Claims Receiving No Distribution from the Trustee:

☐ **None.** If "None" is checked, the rest of § 4(a) need not be completed.

| Creditor | Claim Number | Secured Property |
|---|---|---|
| | | |
| ☑ If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>COMMUNITY LOAN SERVICING | #5-2 | 206 PARKWAY CIRCLE |
| LOAN MODIFICATION PENDING | | |
| | | |
| [ X ] If checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement.<br><br>CITY OF PHILADELPHIA - REAL ESTATE TAXES - paid from proceeds from sale of Catharine Street Property. | | |

### § 4(b) Curing Default and Maintaining Payments

☐ None. If "None" is checked, the rest of § 4(b) need not be completed.

**The Trustee shall distribute an amount sufficient to pay allowed claims for prepetition arrearages; and, Debtor shall pay directly to creditor monthly obligations falling due after the bankruptcy filing in accordance with the parties' contract.**

| Creditor | Claim Number | Description of Secured Property and Address, if real property | Amount to be Paid by the Trustee |
|---|---|---|---|
| CSMC 2019 RPL7 TRUST | #4-2 | 6906 SAYBROOK STREET | $365.00 |
| | | | |
| MR. COOPER/NATIONSTAR | #2-1 | 801 S. 57TH STREET | $162.00 |

### § 4(c) Allowed Secured Claims to be Paid in Full: Based on Proof of Claim or Pre- Confirmation Determination of the Amount, Extent or Validity of the Claim

[ ] None. If "None" is checked, the rest of § 4(c) need not be completed.

IRS CLAIM #3 --   SECURED BY DEBTOR'S REAL PROPERTY  -- AMOUNT TO PAY:  $9,738 x .06 (INTEREST) = **TOTAL AMOUNT TO PAY UNDER PLAN:  $11,296.00**

CITY OF PHILADELPHIA CLAIM #10-2 (BUSINESS TAX) SECURED BY DEBTOR'S REAL PROPERTY - AMOUNT OF CLAIM: $6,442.00 x .09 (INTEREST) = **$7.307.00 - TOTAL TO BE PAID UNDER THE PLAN**

CITY OF PHILADELPHIA/WATER REV. BUREAU - CLAIM #9 -- SECURED BY DEBTOR'S REAL PROPERTY -- **AMOUNT OF CLAIM TO BE PAID UNDER PLAN:  $804.00**

### § 4(d) Allowed secured claims to be paid in full that are excluded from 11 U.S.C. § 506

☑ None. If "None" is checked, the rest of § 4(d) need not be completed.

### § 4(e) Surrender

☑ None. If "None" is checked, the rest of § 4(e) need not be completed.

### § 4(f) Loan Modification

[ ] **None**. If "None" is checked, the rest of § 4(f) need not be completed.

(1) Debtor shall pursue a loan modification directly with  LENDER ON DEBTOR'S PRIMARY RESIDENCE IN BUCKS COUNTY, PA.   "LENDER" MEANS ANY ENTITY CLAIMING TO HAVE AN INTEREST IN THE PROPERTY LOCATED IN BUCKS COUNTY or its successor in interest or its current servicer ("Mortgage Lender"), in an effort to bring the loan current and resolve the secured arrearage claim.

(2) During the modification application process, Debtor shall make adequate protection payments directly to Mortgage Lender in the amount of $500.0 per month, which represents TAXES AND INSURANCE  *(describe basis of adequate protection payment)*. Debtor shall remit the adequate protection payments directly to Mortgage Lender.

(3) If the modification is not approved by 2/31/24 , Debtor shall either (A) file an amended Plan to otherwise provide for the allowed claim of the Mortgage Lender; or (B) Mortgage Lender may seek relief from the automatic stay with regard to the collateral and Debtor will not oppose it.

## Part 5: Unsecured Claims

### § 5(a) Specifically Classified Allowed Unsecured Non-Priority Claims

[XXX] None. If "None" is checked, the rest of § 5(a) need not be completed.

| Creditor | Claim Number | Basis for Separate Classification | Treatment | Amount to be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

### § 5(b) All Other Timely Filed, Allowed General Unsecured Claims

(1) Liquidation Test *(check one box)*

    [XXX] All Debtor(s) property is claimed as exempt.

    [ ] Debtor(s) has non-exempt property valued at $0.00 for purposes of § 1325(a)(4) and plan provides for distribution of $0 to allowed priority and unsecured general creditors.

(2) Funding: § 5(b) claims to be paid as follows *(check one box)*:

    [✓] Pro rata

    [ ] 100%

    [ ] Other (Describe)

## Part 6: Executory Contracts & Unexpired Leases

[✓] None. If "None" is checked, the rest of § 6 need not be completed.

## Part 7: Other Provisions

### § 7(a) General Principles Applicable to The Plan

(1) Vesting of Property of the Estate *(check one box)*

    [XX] Upon confirmation

    [ ] Upon discharge

(2) Subject to Bankruptcy Rule 3012 and U.S.C. §1322(a)(4), the amount of a creditor's claim listed in its proof of claim controls over any contrary amounts listed in Parts 3, 4 or 5 of the Plan.

(3) Post-petition contractual payments under § 1322(b)(5) and adequate protection payments under § 1326(a)(1)(B),(C) shall be disbursed to the creditors by the Debtor directly. All other disbursements to creditors shall be made by the Trustee.

(4) If Debtor is successful in obtaining a recovery in a personal injury or other litigation in which Debtor is the plaintiff, before the completion of plan payments, any such recovery in excess of any applicable exemption will be paid to the Trustee as a special Plan payment to the extent necessary to pay priority and general unsecured creditors, or as agreed by the Debtor and the Trustee and approved by the court.

### § 7(b) Affirmative Duties on Holders of Claims secured by a Security Interest in Debtor's Principal Residence

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage.

(2) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note.

(3) Treat the pre-petition arrearage as contractually current upon confirmation for the Plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based on the pre-petition default or default(s). Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

(4) If a secured creditor with a security interest in the Debtor's property sent regular statements to the Debtor pre-petition, and the Debtor provides for payments of that claim directly to the creditor in the Plan, the holder of the claims shall resume sending customary monthly statements.

(5) If a secured creditor with a security interest in the Debtor's property provided the Debtor with coupon books for payments prior to the filing of the petition, upon request, the creditor shall forward post-petition coupon book(s) to the Debtor after this case has been filed.

(6) Debtor waives any violation of stay claim arising from the sending of statements and coupon books as set forth above.

### § 7(c) Sale of Real Property

[✓] **None.** If "None" is checked, the rest of § 7(c) need not be completed.

(1) Closing for the sale of _____ (the "Real Property") shall be completed within months of the commencement of this

bankruptcy case (the "Sale Deadline"). Unless otherwise agreed by the parties or provided by the Court, each allowed claim secured by the Real Property will be paid in full under §4(b)(1) of the Plan at the closing ("Closing Date").

(2) The Real Property will be marketed for sale in the following manner and on the following terms:

(3) Confirmation of this Plan shall constitute an order authorizing the Debtor to pay at settlement all customary closing expenses and all liens and encumbrances, including all § 4(b) claims, as may be necessary to convey good and marketable title to the purchaser. However, nothing in this Plan shall preclude the Debtor from seeking court approval of the sale pursuant to 11 U.S.C. §363, either prior to or after confirmation of the Plan, if, in the Debtor's judgment, such approval is necessary or in order to convey insurable title or is otherwise reasonably necessary under the circumstances to implement this Plan.

(4) At the Closing, it is estimated that the amount of no less then $___ shall be made payable to the Trustee.

(5) Debtor shall provide the Trustee with a copy of the closing settlement sheet within 24 hours of the Closing Date.

(6) In the event that a sale of the Real Property has not been consummated by the expiration of the Sale Deadline:

## Part 8: Order of Distribution

**The order of distribution of Plan payments will be as follows:**

Level 1: Trustee Commissions*
Level 2: Domestic Support Obligations
Level 3: Adequate Protection Payments
Level 4: Debtor's attorney's fees
Level 5: Priority claims, pro rata
Level 6: Secured claims, pro rata
Level 7: Specially classified unsecured claims
Level 8: General unsecured claims
Level 9: Untimely filed general unsecured non-priority claims to which debtor has not objected

**\*Percentage fees payable to the standing trustee will be paid at the rate fixed by the United States Trustee not to exceed ten (10) percent.**

## Part 9: Non Standard or Additional Plan Provisions

Under Bankruptcy Rule 3015.1(e), Plan provisions set forth below in Part 9 are effective only if the applicable box in Part 1 of this Plan is checked. Nonstandard or additional plan provisions placed elsewhere in the Plan are void.

☑ **None.** If "None" is checked, the rest of § 9 need not be completed.

## Part 10: Signatures

By signing below, attorney for Debtor(s) or unrepresented Debtor(s) certifies that this Plan contains no nonstandard or additional provisions other than those in Part 9 of the Plan, and that the Debtor(s) area aware of, and consent to the terms of this Plan.

Date: **11/01/2023**

/s/ Maggie Soboleski
Attorney for Debtor(s)

If Debtor(s) are unrepresented, they must sign below.

Date: ___   Debtor: ___

Date: ___   Joint Debtor: ___